**MERCADO v. UNITED STATES.**

No. 4478.

United States Court of Appeals
First Circuit

July 13, 1950.

Francisco Mariano Mercado Gomez, pro se.

Francisco Ponsa Feliu, Acting U. S. Atty., and Pascual Amado Rivera, Asst. U. S. Atty., both of San Juan, Puerto Rico, for appellee.

Before MAGRUDER, Chief Judge and WOODBURY and FRANK, Circuit Judges.

WOODBURY, Circuit Judge.

The appellant, Mercado Gomez, pleaded guilty in the court below to both counts of an indictment charging him, respectively, with the transportation of a revolver, and with the transportation of revolver ammunition for the same, and thereupon he was sentenced to two years on each count, the sentences to run consecutively. These events occurred on March 25, 1949. Subsequently, on December 21, 1949, while serving the sentence imposed on the first count, he filed a verified motion for correction of sentence under 28 U.S.C.A. § 2255 in which he asked that the sentence on the second count be vacated and set aside for the reason that the transportation of the revolver and the transportation of the revolver ammunition at one and the same time constituted but one offense for the purpose of sentence. The District Court denied the motion on January 20, 1950, and the appellant filed his notice of appeal 22 days later on February 11, 1950.

At the outset we are confronted with the question of the timeliness of the appellant's notice of appeal. The Government advances the same contention in this case that it advanced in Houston v. United States, now pending in the United States Court of Appeals for the District of Columbia, that is, that the appeal is untimely for the reason that proceedings under § 2255 supra, are essentially criminal in nature, and hence that the time for taking an appeal from an order entered in such proceedings is limited to 10 days by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. This, the Government says, is for the reason that motions under the section must be filed in the same court which imposed the sentence, that the parties are the same as the parties to the original criminal action, and that the court has power under the section to resentence the prisoner—a power not given to a court in a civil proceeding. We recognize force in the contention, but it does not stand unopposed.

The Reviser's Note with respect to § 2255 emphasizes and makes certain the clear indications of its provisions by pointing out that: "This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus." And the courts are not in agreement as to whether writs of error *coram nobis* are separate proceedings of a civil nature distinct from the criminal proceeding in which the final judgment sought to be corrected was originally entered. See Bruno v. United States, D.C. Cir., 180 F.2d 393, 395. Furthermore the section provides a substitute in large measure for *habeas corpus,* which has always been regarded as a civil proceeding, and moreover, when Congress recently revised and enacted into law both title 28 of the United States Code entitled "Judicial Code and Judiciary", and title 18 of the United States Code entitled "Crimes and Criminal Procedure", as Titles 28 and 18, respectively, United States Code, it saw fit to place the section in the former rather than the latter title, thereby giving at least some indication that it considered proceedings under the section to be civil rather than criminal in nature.

■ For present purposes, however, we see no occasion to consider whether the instant proceeding is criminal or civil in nature, or whether perhaps it is by nature a sort of hybrid, for the section itself in its paragraph six categorically provides that, "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus", and appeals from such orders by virtue of Rule 81(a) (2) Fed.Rules Civ.Proc. 28 U.S.C.A. are governed by Rule 73, *id.* which, in accord with Title 28 U.S.C.A. § 2107, allows 60 days from the date of the entry of the judgment or order appealed from as the time within which an appeal may be taken in any action in which the United States or an officer or agency thereof is a party.

The Government contends, however, that this sentence should not be construed so broadly as to make, the taking of appeals from orders entered on motions under § 2255 identical in all respects with the taking of appeals from final judgments on applications for *habeas corpus.* This, it says, is for the reason that the purpose of the sentence was only to give the Government the same right of appeal it enjoyed in *habeas corpus* proceedings, and also to insure that the scope of appellate review should be the same in both proceedings. The short answer to this contention is that if Congress had intended its words to have the limited construction contended for we think it would, as it easily could, have used appropriate language to express that limited meaning. Having spoken genera..y we construe the words used as they read. And this more liberal construction seems to us appropriate since § 2255 was designed to provide a substitute for *habeas corpus* in the great majority of cases, and *habeas corpus* has long been regarded as a proceeding in which a liberal judicial attitude is peculiarly appropriate in view of the broadly remedial nature of the writ.

■ We, therefore, consider the instant appeal timely, and hence we come to the merits. They need not detain us long, however. In fact we dispose of the merits on the authority of the decision of this court in Rivera v. United States, 1 Cir., 151 F.2d 47, in which after consideration, it was held that an indictment in two counts in all material respects identical with this was valid, and charged separate offenses in each count for the reason that the transportation of a revolver, and the transportation of ammunition for it at one and the same time, constituted two separate and distinct offenses. Therefore, since the offense charged in one count does not include the offense charged in the other, cf. Ekberg v. United States, 1 Cir., 167 F.2d 380, separate sentences may be imposed on each count.

The order of the District Court is affirmed.