**Casilda NUNEZ–SOTO, Plaintiff, Appellant,**

v.

**Carlos ALVARADO, etc., et al., Defendants, Appellees.**

No. 91–1515.

United States Court of Appeals, First Circuit.

Heard Nov. 4, 1991.

Decided Jan. 31, 1992.

Frank Rodriguez–Garcia with whom Francisco J. Rodriguez–Juarbe was on brief, for plaintiff, appellant.

Alice Net Carlo with whom Garcia Rodon, Correa Marquez & Valderas was on brief, for defendants, appellees.

Before CAMPBELL and TORRUELLA, Circuit Judges, and SKINNER,* District Judge.

SKINNER, District Judge.

The plaintiff appeals the order of the district court dismissing this action following our earlier mandate. We had reversed the denial of the defendants' motion for partial summary judgment based on qualified immunity. *Nunez–Soto v. Alvarado*, 918 F.2d 1029 (1st Cir.1990).[1] Thereafter

---

* Of the District of Massachusetts, sitting by designation.

1. Contrary to the extremely careless assertion in the plaintiff's brief, this court made no finding

the district court summarily dismissed the plaintiff's claim for injunctive relief as well as her claim for damages.

In her complaint, the plaintiff alleged that in August, 1985, she had been demoted from the position of supervisor at the Puerto Rico Electric Power Authority ("PREPA") to the position of job analyst. She asserted that this demotion violated her constitutional rights because it was based on her espousal of the P.N.P. political party, citing *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), and *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). She sought damages and a mandatory injunction restoring her to her former position. On March 28, 1988 the plaintiff was restored to her former position and civil service grade by voluntary action of the defendants, taken according to them as part of a routine reorganization within PREPA. When the case returned to the district court after our mandate, the district judge made the following hand-written entry on what appears to be a standard form used by the court for the entry of orders:

### Judgment

The court of appeals having ruled that the defendants enjoy qualified immunity on the damages claim, 918 F.2d 1029, 1031 (1st Cir.1990); and it appearing that plaintiff was restored to her former position in 1988, 918 F.2d at 1029, injunctive relief does not lie. Accordingly, the court hereby enters judgment dismissing the federal claims with prejudice without costs or attorneys fees.

The plaintiff appeals from this judgment on three grounds:

1. That the purported judgment did not comply with Fed.R.Civ.P. 58 ("Rule 58");
2. That injunctive relief should be granted because there was a risk that the constitutional violation would be repeated; and
3. That by reason of her reinstatement she is a prevailing party entitled to attorney's fees under 42 U.S.C. § 1988.

■ Rule 58 requires that a judgment be set forth on a separate document and not simply tacked on to a memorandum or opinion. *See Wang Laboratories v. Applied Computer Sciences*, 926 F.2d 92, 96 (1st Cir.1991); *United States v. Indrelunas*, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973) (holding that the separate document requirement of Rule 58 must be "mechanically applied"). The purpose of the rule is to fix "with certainty the point at which time commences to run against the losing party's right to appeal." *Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 151 (1st Cir.1980).

The separate document in this case is clearly labeled "Judgment," and it is crystal clear from its terms that it was intended to operate as a judgment. It was signed by the judge and entered on the docket the same day, in accordance with Rule 58. Its only departure from perfect purity of form was the addition of a single explanatory sentence. This is not sufficient to transform the judgment into a memorandum or opinion. *Hamilton v. Nakai*, 453 F.2d 152, 153 (9th Cir.1971); *Alman v. Taunton Sportswear Mfg. Corp.*, 857 F.2d 840 (1st Cir.1988). We rule accordingly that final judgment was duly entered in this case and that we have appellate jurisdiction.

Of more concern is the district court's summary dismissal of the plaintiff's claim for injunctive relief, which was not affected by our ruling that the defendants were entitled to qualified immunity.

On January 30, 1990, the defendants moved for summary judgment on the ground that the reinstatement of the plaintiff mooted the claim for injunctive relief. The plaintiff opposed the motion, making substantially the same arguments that she has made to us. No order has been entered on this motion except the judgment quoted above.

■ As far as we can tell from the record, the district judge decided that reinstatement automatically mooted the remaining aspect of the case, thus entitling

---

or assumption of fact in this case, but merely commented on the allegations of the complaint,

as required by *Bonitz v. Fair*, 804 F.2d 164 (1st Cir.1986).

the defendants to a judgment of dismissal. "The courts have rightly refused to grant defendants such a powerful weapon against public law enforcement." *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). "[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case...." *Id.* A case may be rendered moot only if the defendant satisfies the "heavy burden" of demonstrating that "there is no reasonable expectation that the wrong will be repeated." *Id.* at 633, 73 S.Ct. at 897.

 Even though cessation of the allegedly illegal conduct does not render the case moot, it is a significant factor to be considered by the district judge in determining whether injunctive relief should be granted. The claim is not moot, but the plaintiff has the same burden that she always had, that of showing the likelihood of substantial and immediate irreparable injury, as opposed to speculative claims of future injury. *Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983). Resolution of this question is committed to the sound discretion of the district judge. *United States v. W. T. Grant Co.*, 345 U.S. at 634–36, 73 S.Ct. at 898–99.

It does not appear from this record that the district judge ever addressed the question of whether the defendant had engaged in illegal conduct, or perhaps more crucially, whether there was a likelihood of repetition that would create immediate and irreparable harm to the plaintiff. Accordingly the judgment must be vacated and the case remanded for such further hearings as may be required to enable the district judge to make the appropriate determinations concerning the present need or lack of need for continuing injunctive relief.

The issue of attorney's fees turns in part on the outcome of those further hearings. "If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the part[y] sought in bringing suit' the plaintiff has crossed the threshold to a fee award of

some kind." *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). Thus, if it turns out that the plaintiff has secured neither damages nor injunctive relief, she will not be entitled to attorney's fees as a prevailing party under 42 U.S.C. § 1988, unless she is able to show by a preponderance of evidence that her reinstatement was the result of her lawsuit and not the result of an unrelated administrative reorganization. This is also a question of fact which must be addressed by the district judge, as reinstatement was clearly a significant issue in this case. 489 U.S. at 791–92, 109 S.Ct. at 1493.

VACATED and REMANDED for further proceedings.