64 F.3d 654
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Mark S. HIDER, Plaintiff, Appellant,
v.
CITY OF PORTLAND, et al., Defendants, Appellees.
 No. 95-1077.
 United States Court of Appeals,
First Circuit.
 Aug. 23, 1995.
 
 Mark S. Hider on brief pro se.
 Natalie L. Burns on brief for appellee City of Portland.
 BethAnne L. Poliquin on brief for appellee Michael Chitwood.
 Before TORRUELLA, Chief Judge, SELYA and LYNCH, Circuit Judges.
 D.Me.
 DISMISSED IN PART AND AFFIRMED IN PART.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Mark S. Hider appeals from the grant of summary judgment in favor of defendants- appellees and from the denial of a request for relief from judgment. For the following reasons, we dismiss the appeal from the grant of summary judgment as untimely, and we affirm the denial of post-judgment relief.
 
 I.
 
 2
 This appeal has its origins in a decision by appellee Michael Chitwood, chief of police for appellee City of Portland, to deny Hider's second application for a permit to carry a concealed weapon. Hider sought judicial review of this administrative determination in Maine state court, which upheld the police chief's decision. See Hider v. Chief of Police, Portland, 628 A.2d 158 (Me.1993). Thereafter, Hider filed a complaint in federal district court alleging, pursuant to 42 U.S.C. Sec. 1983, that appellees violated his rights under the Second, Eighth, and Fourteenth Amendments. Hider also appended various state law claims. Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to allow a magistrate judge to conduct any and all proceedings in the case, and to enter final judgment and orders.
 
 
 3
 On October 18, 1994, the magistrate judge granted summary judgment for appellees on the federal claim, ruling that the claim is barred by the doctrine of res judicata. The pendent state law claims were dismissed as a matter of judicial discretion. See 28 U.S.C. Sec. 1367(c)(3). Judgment entered on October 19, 1994. On November 5, 1994, Hider served on appellees a motion for new trial pursuant to Fed. R. Civ. P. 59(a), a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). The magistrate judge denied these motions on November 28, 1994. One week later, on December 5, 1994, Hider filed a motion for reconsideration. This motion was denied on December 19, 1994. Hider filed a notice of appeal on January 18, 1995.
 
 II.
 
 4
 Although not raised by the parties, the initial question we must address in this appeal is one of jurisdiction. See Feinstein v. Moses, 951 F.2d 16, 17 (1st Cir.1991). As we see it, Hider does not have a timely appeal from the summary judgment. Pursuant to Fed. R. App. P. 4(a)(1), Hider was required to file his notice of appeal within thirty days after entry of final judgment. Timely filing of a notice of appeal is both mandatory and jurisdictional. Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 387 (1st Cir.), cert. denied, 115 S. Ct. 574 (1994). Since final judgment entered on October 19, 1994, Hider's notice of appeal was due on November 18, 1994 and was filed two months late.
 
 
 5
 To be sure, a timely Rule 59(a) or 59(e) motion tolls the time period for filing a notice of appeal. See Fed. R. App. P. 4(a)(4). However, to be timely, such motions must be served within ten days of the entry of judgment, see Fed. R. Civ. P. 59(b), (e), excluding intermediate holidays and week-ends, see Fed. R. Civ. P. 6(a). Hider's Rule 59(a) and 59(e) motions were due to be served by November 2, 1994. Since these motions were not served until November 5, 1994, they were untimely and did not extend the time period for appeal from the underlying judgment.[1] See Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1114 (11th Cir.1993) (untimely Rule 59(a) motion); Feinstein, 951 F.2d at 18 (untimely Rule 59(e) motion). Under the circumstances, we lack jurisdiction to review the summary judgment.
 
 
 6
 We recognize that an alternative argument might be made in an attempt to resuscitate the appeal from summary judgment. Following the denial of the first set of post-judgment motions, the clerk of the court prepared and entered on the docket a separate document which is labeled "Amended Judgment" and purports to re-enter the final judgment. Similarly, following the denial of the second set of post-judgment motions, the clerk prepared and entered on the docket a separate document which is labeled "Second Amended Judgment" and purports to re- enter the final judgment. Under the circumstances, it could be argued that the appeal period began anew with the entry of the "Amended Judgment" on the docket and then restarted once again with the entry of the "Second Amended Judgment" on the docket.
 
 
 7
 Such an argument, however, would fail. An amended judgment which alters matters of substance or resolves some genuine ambiguity does wind the appeal clock anew. See FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12 (1952). However, neither the re-entry of a judgment previously entered nor an immaterial revision to the judgment tolls the time period within which review must be sought. See id.; Air Line Pilots Ass'n v. Precision Valley Aviation, 26 F.3d 220, 223 n.2 (1st Cir.1994). Where, as here, the court made no revision whatsoever to the final judgment, the appeal period from this judgment is unaffected.
 
 II.
 
 8
 Our task is not over. Hider's notice of appeal is timely with respect to the order denying his December 5, 1994 motion for reconsideration.[2] We construe this motion as a Rule 60(b)(3) motion since it seeks relief from judgment based on allegations of fraud or misrepresentation. See Fed. R. Civ. P. 60(b)(3) (permitting relief from judgment based on fraud misrepresentation, or other misconduct of an adverse party). In this circuit, the denial of a Rule 60(b) motion is an appealable order. See Fiore v. Washington County Comm. Mental Health Ctr., 960 F.2d 229, 232 (1st Cir.1992) (en banc). Our standard of review is abuse of discretion. See De la Torre v. Continental Ins. Co., 15 F.3d 12, 14 (1st Cir.1994).
 
 
 9
 In his brief on appeal, Hider reiterates his allegations of fraud on the court. In particular, Hider claims that appellees misrepresented that they agree with the ruling of the Maine Law Court, when in fact, they do not. However, even if the evidence in the record supported an inference that appellees secretly disagreed with some aspect of the Maine court's reasoning or its interpretation of the relevant law, Hider has failed to demonstrate how that alleged misconduct interfered with his ability to prepare a defense to appellee's summary judgment motion. See Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 285 (1st Cir.1993) (holding that moving party on a Rule 60(b)(3) motion must demonstrate fraud by clear and convincing evidence and must show that the fraud foreclosed full and fair preparation or presentation of his case). Under the circumstances, the magistrate judge did not abuse his discretion in denying the December 5, 1994 motion for reconsideration.
 
 
 10
 The appeal from the entry of summary judgment is dismissed; the denial of the motion for reconsideration is affirmed.
 
 
 
 [1]
 The magistrate judge incorrectly stated in his margin ruling that the Rule 59(e) motion was timely. It appears that, in calculating the ten-day period, the magistrate judge followed the suggestion of the appellees and added three days for service by mail pursuant to Fed. R. Civ. P. 6(e). This was error since the time for serving a motion under Rule 59(e) is not extended by Rule 6(e). See Flint v. Howard, 464 F.2d 1084, 1087 (1st Cir.1972). We add that, because the magistrate judge's misstatement was made well after the time for appeal had expired, Hider could not have relied on it in delaying his appeal. See Feinstein, 951 F.2d at 20
 
 
 [2]
 The filing of this December 5 motion did not, of course, affect the time period within which Hider was required to file his appeal from the October 19 entry of judgment. See, e.g., Rodriguez-Antuna v. Chase Manhattan Bank, 871 F.2d 1, 2 (1st Cir.1989) (timely appeal from district court's denial of post- judgment relief does not "resurrect" expired right of appeal from underlying judgment)