125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Wayne HOGLE, Defendant-Appellant.
 No. 96-17336.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Nevada, Edward C. Reed, Jr., District Judge, Presiding; Nos. CV-96-00374-ECR and CR-91-00057-ECR.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner David Wayne Hogle appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate his conviction for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).
 
 A. Jurisdiction
 
 3
 The district court's order denying Hogle's section 2255 motion, entered August 29, 1996, did not comply with the requirement of Fed.R.Civ.P. 58 that "[e]very judgment shall be set forth on a separate document." See Mitchell v. Idaho, 814 F.2d 1404, 1405 (9th Cir.1987) (per curiam). It appears that the district court's order closing Hogle's case, entered October 28, 1996, was the entry of judgment. See Paddack v. Morris, 783 F.2d 844, 846 (9th Cir.1986). Thus, Hogle's notice of appeal, handed to prison authorities on November 13, 1996, is timely. See Fed. R.App. P. 4(a). Accordingly, we have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the denial of a section 2255 motion, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 B. Sufficiency of the Evidence
 
 4
 Hogle contends that the district court erred by denying his section 2255 motion under Bailey v. United States, 116 S.Ct. 501 (1995), because he did not personally use the firearm. We disagree.
 
 
 5
 Evidence offered to support a conviction is sufficient if, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Hernandez, 80 F.3d 1253, 1257 (9th Cir.1996). Section 924(c)(1) provides for enhanced penalties if the defendant "during and in relation to any crime of violence ... uses ... a firearm." 18 U.S.C. § 924(c)(1) (1994). The "use" element requires proof that "the defendant actively employed the firearm during and in relation to the predicate crime." Bailey, 116 S.Ct. at 509. A defendant may still be vicariously liable for a coconspirator's use of a firearm during and in relation to a crime of violence after Bailey. See United States v. Fonseca-Caro, 114 F.3d 906, 907 (9th Cir.1997); see also United States v. Bracy, 67 F.3d 1421, 1430 (9th Cir.1995) (stating that underlying crime in section 924(c)(1) must be proven but defendant need not be charged with or convicted of the underlying crime).
 
 
 6
 Hogle and his codefendants kidnapped a delinquent narcotics dealer to collect on a drug debt.[1] One of Hogle's codefendants held the gun on the dealer during the kidnapping and jabbed the dealer in the ribs with the gun while Hogle drove them to the narcotics creditor. Viewing this evidence in the light most favorable to the government, a rational jury could have found beyond a reasonable doubt that Hogle and his codefendants together forced the delinquent narcotics dealer to take the drive at the point of a gun. See Bailey, 116 S.Ct. at 509; Fonseca-Caro, 114 F.3d at 907. Thus, there was sufficient evidence to support Hogle's section 924(c) conviction. See Hernandez, 80 F.3d at 1258.
 
 C. Jury Instruction
 
 7
 Hogle also contends that the district court's jury instruction regarding use of a firearm was erroneous. The government concedes that this contention has merit because the jury instruction did not refer to active employment of a firearm. See Bailey, 116 S.Ct. at 505. Nevertheless, any error arising from this instruction was harmless because the error did not have a substantial and injurious effect or influence in determining the jury's verdict. See California v. Roy, 117 S.Ct. 337, 339 (1997) (per curiam); Fonseca-Caro, 114 F.3d at 907. Accordingly, the district court did not err by denying Hogle's section 2255 motion. See Sanchez, 50 F.3d at 1451-52.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 This court affirmed, inter alia, Hogle's conviction for committing a violent crime in aid of racketeering. See United States v. Bracy, 67 F.3d 1421, 1429-30 (9th Cir.1995)