**UNITED STATES of America,**
**Appellee,**

v.

**Robert JOHNSON, *a/k/a***
**Big Rob, Appellant.**

**No. 99–3115.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 17, 2000.

Decided July 13, 2001.

Mary M. Calkins, Student Counsel, argued the cause as amicus curiae on the side of appellant. With her on the briefs were Steven H. Goldblatt (appointed by the court), Director, and Adam N. Steinman, Supervising Attorney, Appellate Litigation Program, Georgetown University Law Center.

Elizabeth H. Danello, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, U.S. Attorney at the time the brief was filed, John R. Fisher and Roy W. McLeese, III, Assistant U.S. Attorneys. Mary-Patrice Brown, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE, HENDERSON, and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge GARLAND.

Concurring opinion filed by Circuit Judge KAREN LeCRAFT HENDERSON.

GARLAND, Circuit Judge:

In April 1997, while serving a sentence for drug-related convictions, Robert Johnson filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence on the ground that he had received ineffective assistance of counsel at sentencing. The district court denied the motion in July 1998. Eleven months later, Johnson asked the court to reopen the time for filing an appeal from that denial because he had only recently received notice of the court's decision. The district court rejected Johnson's request to reopen on the ground that

it came too late. We conclude that because the district court's initial decision failed to comply with Federal Rule of Civil Procedure 58, Johnson's time for filing an appeal has not yet begun to run. Accordingly, his motion to reopen was unnecessary, and we remand the case to the district court for further proceedings.

## I

The docket in this case contains twelve pages, issued by the district court, that reflect the court's denial of Johnson's motion to vacate his sentence. All twelve pages are stapled together. The first page is entitled "Memorandum and Order" and bears a dated file stamp affixed by the clerk of the district court. The first eleven pages set forth the court's legal analysis, rejecting Johnson's claim that his trial counsel was ineffective. The eleventh page concludes by stating: "An appropriate order follows." The eleventh page is not signed, nor does it have a signature line.

The twelfth page, which is neither file-stamped nor numbered, is entitled "Order." It reads, in its entirety, as follows:

AND NOW, TO WIT, this 10th day of July, 1998, upon consideration of Robert Johnson's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, IT IS ORDERED that said motion is DENIED without an evidentiary hearing.

A signature line with the signature of the district judge appears at the bottom.

All twelve pages were filed on July 16, 1998 and were entered on the district court's docket as a single entry, which reads as follows:

MEMORANDUM AND ORDER by Judge Louis C. Bechtle as to ROBERT JOHNSON: denied without evidentiary hearing motion to vacate, set aside or correct sentence pursuant to 28 USC 2255, referencing count(s) 2rs, 3rs (Civil Case No. 97–816 []).]

Johnson states that he was not notified when the court issued the Memorandum and Order. Johnson Mot. to Reopen at 2. On April 19, 1999, Johnson sent a letter to the district court, seeking disposition of his § 2255 motion and abandoning an earlier request to supplement the record with additional information. In May 1999, the Clerk of the Court sent Johnson a copy of the docket sheet, reflecting the fact that his § 2255 motion had already been denied.

In June 1999, Johnson filed a "Motion to Reopen and or Reissue Judgment," which the district court treated as a motion to reopen the time for filing an appeal. The court denied the motion on August 4, 1999. The court noted that under Federal Rule of Appellate Procedure ("FRAP") 4(a)(1)(B), a prisoner has sixty days from the entry of judgment to file an appeal from the denial of a § 2255 motion. Construing July 16, 1998, the day on which its order denying the § 2255 motion was filed, as the trigger date, the court found that the time to appeal had expired. The district court then went on to consider whether it could reopen the time to appeal pursuant to FRAP 4(a)(6). That rule permits a district court to grant a party's motion to reopen if: "(A) the motion is filed within 180 days after the judgment or order is entered . . .; (B) the court finds that the moving party . . . did not receive the notice [of entry of the judgment or order] . . . within 21 days after entry; and (C) the court finds that no party would be prejudiced." The district court denied Johnson's motion to reopen on the ground that Johnson had filed it more than 180 days after the court denied his § 2255 motion

on July 16, 1998.[1]

Johnson appealed from the denial of his motion to reopen. This court appointed an amicus curiae and requested briefing on two questions of federal procedure: (1) whether Federal Rule of Civil Procedure 58 ("Rule 58"), which requires that a judgment be set forth in a separate document, applies to § 2255 proceedings; and (2) if Rule 58 does apply, whether the district court's order denying Johnson's § 2255 motion satisfies that rule. We address each of these questions below.

## II

▮▮▮ Whether the separate document requirement of Rule 58 applies in appeals from § 2255 proceedings is an issue not yet decided by this circuit. Both Johnson and the government believe that it does apply, and we agree.[2] That conclusion follows from a straightforward reading of the applicable rules. We begin with Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 11"), which states that "[t]he time for appeal from an order entered on a [§ 2255 motion] is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure." Rule 11, 28 U.S.C. foll. § 2255. Turning to FRAP 4(a), we learn that a notice of appeal (when the United States is

a party) must be filed within sixty days "after the judgment or order appealed from is entered." FED. R.APP. P. 4(a)(1)(B). Similarly, a motion to reopen the time to appeal must be filed within 180 days "after the judgment or order is entered." FED. R.APP. P. 4(a)(6)(A). Finally, and most important here, FRAP 4(a)(7) states that a "judgment or order is entered for purposes of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure."

As we held in *United States v. Feuver*, under FRAP 4(a), "in order to start the clock on a party's right to appeal, the district court must enter a judgment that complies with Rule 58." 236 F.3d 725, 727 (D.C.Cir.2001); *see also United States v. Haynes*, 158 F.3d 1327, 1329 (D.C.Cir. 1998); *Diamond v. McKenzie*, 770 F.2d 225, 227–28 (D.C.Cir.1985). The same is true with respect to the time period for filing a FRAP 4(a)(6) motion, as that is triggered by the same event. *See* FED. R.APP. P. 4(a)(6), (7). And because Rule 11 directs that the time for appeal from § 2255 orders "is as provided in Rule 4(a)," the Rule 58 trigger applies to appeals from such orders as well.

Several of our sister circuits have applied Rule 58 to § 2255 proceedings.[3]

---

1. FRAP 4(a)(6)(A) requires a party to file its motion to reopen within 180 days after the judgment or order is entered, "or within 7 days after the moving party receives notice of the entry, whichever is earlier." In addition to holding that Johnson missed the 180–day deadline, the district court held that he failed to file his motion within seven days of receiving notice of entry from the Clerk of the Court. Although the parties do not agree as to when Johnson received notice and when he filed his motion, we need not resolve that dispute because the district court's July 16, 1998 decision was not entered in compliance with Rule 58. *See infra* Part III.

2. The government has consistently taken the position that Rule 58 applies to § 2255 proceedings. *See United States v. Saro*, 252 F.3d 449, 452 n. 2 (D.C.Cir.2001); *United States v. Feuver*, 236 F.3d 725, 727 & n. 4 (D.C.Cir. 2001).

3. The Third, Fifth, and Seventh Circuits have applied Rule 58 in published opinions, *see Jenkins v. United States*, 325 F.2d 942, 944–45 (3d Cir.1963); *Sassoon v. United States*, 549 F.2d 983, 984–85 (5th Cir.1977); *Hope v. United States*, 43 F.3d 1140, 1142 & n. 1 (7th Cir.1994), while four others have done so in unpublished dispositions, *see United States v. Smith*, No. 00–6126, 2000 WL 935425, at *1

Only the Second Circuit has declined to do so. Observing that the Advisory Committee notes to the Rules Governing Section 2255 Proceedings state that " 'a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action,' " the Second Circuit concluded that such a motion "is not subject to Rule 58 of the civil rules." *Williams v. United States*, 984 F.2d 28, 30 (2d Cir.1993) (quoting Rule 11, advisory committee's notes).[4]

We find ourselves in agreement with the bulk of the circuits and in disagreement with the Second. The same Advisory Committee notes referred to by the Second Circuit in *Williams v. United States* point out that in *United States v. Hayman*, the Supreme Court held that appeals from orders denying motions under § 2255 "are governed by the civil rules applicable to appeals from final judgments in habeas corpus actions." Rule 11, advisory committee's notes (quoting *United States v. Hayman*, 342 U.S. 205, 209 n. 4, 72 S.Ct. 263, 96 L.Ed. 232 (1952)).[5] Indeed, the Advisory Committee notes explain that the portion of Rule 11 at issue here—the sentence stating that "[t]he time for appeal from an order entered on a [§ 2255 motion] is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure"— was added in 1979 to clarify that *Hayman*'s instruction to apply the civil rules to such an appeal was still good law, "[e]ven though" the revised § 2255 rules were based upon the premise that "section 2255 proceedings are a further step in the criminal case." Rule 11, advisory committee's notes.

Nor do we agree with *Williams*' further suggestion that Rule 11 should be read to incorporate only FRAP 4(a)'s sixtyday period for filing civil appeals,[6] and not its other provisions. *See* 984 F.2d at 30. Nothing in the language of Rule 11, which simply states that the time for appeal is "as provided in Rule 4(a)," suggests that courts should apply Rule 4(a)'s time limit without also applying its criterion for determining when that limit begins to run. We therefore follow Rule 11's express direction to apply FRAP 4(a) to § 2255 appeals, and then follow FRAP 4(a)'s equally

---

n. * (4th Cir. July 10, 2000); *United States v. Bailey*, No. 99–6250, 2000 WL 309296, at *1 (10th Cir. Mar.27, 2000); *Sims v. United States*, No. 98–1228, 1999 WL 1000855, at *3 (6th Cir. Oct.29, ·1999); *United States v. Hogle*, No. 96–17336, 1997 WL 599401, at *1 (9th Cir. Sept.22, 1997). Only the Fifth Circuit's opinion in *Sassoon* considered in any depth the issue of whether Rule 58 should apply in § 2255 proceedings. *See Sassoon*, 549 F.2d at 984–85.

4. *But see Masotto v. United States*, No. 97–2894, 2000 WL 19096, at *1 (2d Cir. Jan.5, 2000) (unpublished decision applying Rule 58 to a § 2255 proceeding).

5. As the Advisory Committee notes further observe, *Hayman* cited *Mercado v. United States*, 183 F.2d 486 (1st Cir.1950), in support of this proposition. *See Hayman*, 342 U.S. at 209 n. 4, 72 S.Ct. 263. In *Mercado*, the First Circuit rejected the argument that because § 2255 proceedings are criminal in nature, the time for appeal is limited to the ten-day period allowed for criminal appeals. The *Mercado* court relied both on the language of § 2255 itself, which provides that "[a]n appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus," and on Federal Rule of Civil Procedure 81(a)(2), which states that "[t]hese rules are applicable to proceedings for ... habeas corpus ... to the extent that the practice in such proceedings is not set forth in statutes ... and has heretofore conformed to the practice in civil actions." *Mercado*, 183 F.2d at 487; *cf.* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("The Federal 'Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

6. *Cf.* Fed. R.App. P. 4(b)(1)(A) (providing tenday period for filing criminal appeals).

clear direction to apply Federal Rule of Civil Procedure 58 to determine when a judgment is entered and hence when the time for appeal begins.

## III

Having concluded that Rule 58 applies to § 2255 proceedings, we must now determine whether the requirements of the rule were satisfied in this case. As described above, although a party must file a Rule 4(a)(6) motion to reopen the time to file an appeal within 180 days of the entry of a judgment or order, the 180–day time period does not begin to run until entry of a judgment or order that complies with Rule 58. More important, although without an extension a prisoner has only sixty days to file an appeal, that deadline, too, does not begin to run until the entry of a complying judgment or order. Hence, if we conclude that the order of the district court did not comply with Rule 58, that means not only that Johnson's 180–day window for seeking reopening has not yet closed, but that Johnson does not need such an extension because his initial sixty-day window for filing an appeal has not yet even opened.

In relevant part, Rule 58 states: "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Federal Rule of Civil Procedure 79(a), in turn, provides: "All ... orders ... and judgments shall be entered chronologically in the civil docket.... These entries ... shall show ... the substance of each order or judgment of the court...."

■ We have held that a judgment does not satisfy Rule 58 if "the inclusion of legal reasoning and authority" reaches the point of making "an order into a combined decision and order." *Diamond,* 770 F.2d at 230 n. 10. We have also held, however, that a "single document that disposes of all remaining claims can satisfy Rule 58 so long as it is sufficiently terse." *Kidd v. District of Columbia,* 206 F.3d 35, 37 (D.C.Cir.2000). There is no doubt that if the twelve pages issued by the district court in this case were regarded as one document, that document would not satisfy the requirements of Rule 58. *See Haynes,* 158 F.3d at 1331 (holding that a three-page "Memorandum Opinion & Order" containing the district court's reasoning and case citations failed to comply with the separate document requirement). There is also no doubt that if the twelfth page—consisting of a single sentence denying Johnson's motion and bereft of any case citation or reasoning—were regarded as standing alone, it would satisfy Rule 58's standard. *See Kidd,* 206 F.3d at 39 (holding that Rule 58 allows "inclusion of at least one citation to legal authority and at least a one-sentence explanation of the court's reasoning"). Thus, the dispositive question is whether the district court issued a twelve-page combined decision and order, or whether it issued an eleven-page decision and a separate one-page order.

■ We conclude that the "Order" in this case is not a separate document and thus that the district court's decision does not satisfy the requirements of Rule 58.[7]

---

7. The fact that the page is labeled "Order" rather than "Judgment" is not relevant. Although Rule 58 speaks only of "judgment[s]," Federal Rule of Civil Procedure 54(a) defines a "judgment" as including "any order from which an appeal lies." Moreover, § 2255 states that an appeal "may be taken to the court of appeals *from the order* entered on the motion *as from a final judgment* on application for a writ of habeas corpus." 28 U.S.C. § 2255 (emphasis added). Furthermore, FRAP 4(a) provides that an appeal must be filed within sixty days after the "judgment *or* order" appealed from is entered, *see* FED. R.APP. P. 4(a)(1)(B) (emphasis added), and FRAP 4(a)(7) provides that a "judgment *or*

We reach that conclusion based not on any one factor, but on the collective effect of several characteristics of the twelve pages at issue in this case. First, although it is not decisive that the page entitled "Order" is stapled together with the eleven other pages, that fact—together with the title of the first stapled page, "Memorandum and Order"—creates confusion as to whether the twelfth page is separate from the first eleven or simply the last page of a combined Memorandum and Order.[8] Second, the first eleven pages are unsigned; only the twelfth page bears a signature line, and only that line is signed. This would give a reasonable person cause to believe that the twelve pages are a single document, signed on the document's last page—or at least cause to be confused over the question. Third, only the first page is file-stamped; the twelfth is not. This suggests that the Clerk of the Court herself understood the twelve pages to be a single document. That inference is confirmed by a final factor: the only recorded docket entry is for a "Memorandum and Order," the title of the first of the twelve pages.[9] There is no separate entry for an "Order"—the title of the twelfth page—as there would be if the Clerk had understood it to be a separate document. *See* Fed. R.

Civ. P. 79(a) ("*All* papers filed with the clerk, *all* ... orders ... and judgments shall be entered chronologically in the civil docket.... These entries ... shall show the nature of *each* paper filed or writ issued and the substance of *each* order or judgment of the court...." (emphasis added)).

■  The "purpose of Rule 58's separate document requirement was to clarify when the time for an appeal begins to run," in order "to prevent uncertainty 'over what actions ... would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty.'" *Haynes*, 158 F.3d at 1329 (quoting *United States v. Indrelunas*, 411 U.S. 216, 220, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973)). The drafters thought that such uncertainty would be eliminated "by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment." Fed.R.Civ.P. 58 advisory committee's notes, 1963 amendment; *see also Diamond*, 770 F.2d at 229 n. 9. In this case, it is unclear whether there is a judgment "distinct from any opinion or memorandum." Far from eliminating uncertainty, the twelve pages issued by the district court generate confusion as to

order" is entered for purposes of FRAP 4(a) when it is entered in compliance with Rule 58, *see* Fed R.App. P. 4(a)(7) (emphasis added). The final order in a § 2255 proceeding serves the same function as a judgment, *see United States v. Perez*, 736 F.2d 236, 238 n. 3 (5th Cir.1984), and "a document labeled 'Order' rather than 'Judgment' may satisfy Rule 58 sufficiently to start the appeal clock running," *Kidd*, 206 F.3d at 41 n. 2 (quoting *Spann v. Colonial Village, Inc.*, 899 F.2d 24, 32 n. 4 (D.C.Cir.1990)); *see also Diamond*, 770 F.2d at 230 & n. 10.

8. *See Whitaker v. City of Houston*, 963 F.2d 831, 833 (5th Cir.1992) ("Until set forth on a separate document in compliance with Rule 58, a statement tacked on at the end of an

opinion is not a judgment."); *Nunez-Soto v. Alvarado*, 956 F.2d 1, 2 (1st Cir.1992) ("Rule 58 requires that a judgment be set forth on a separate document and not simply tacked on to a memorandum or opinion."); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 689 (4th Cir.1978) ("[A]n order of dismissal tacked onto the end of an opinion, no matter how explicit, simply does not qualify as a separate document for the purpose of evaluating the timeliness of an appeal.").

9. *Cf. Caperton*, 585 F.2d at 689 (finding that an order of dismissal at the end of a decision was not entered as a separate judgment because, inter alia, the single docket sheet notation referred to the exact title that appeared on the decision: "Opinion and Order").

whether a judgment has properly been entered. And, as we held in *Diamond*: "It is precisely this kind of uncertainty . . . that warrants the mechanical application of Rule 58. By mechanically applying this rule, as the Supreme Court has taught us to do, a court may avoid speculation as to whether an appellant should or should not have known that the time for appeal had begun to run." 770 F.2d at 230 (footnote omitted). Following this direction, we hold that because a judgment concluding Johnson's § 2255 proceeding has not been set forth on a separate document, an effective judgment has not yet been entered in his case.

## IV

▮ Our conclusion that a qualifying Rule 58 judgment has not yet been entered means that Johnson's time to appeal from the denial of his § 2255 motion has not yet begun to run, much less run out. For that reason, not only was Johnson's FRAP 4(a)(6) motion to reopen the time for appeal not untimely, it was not necessary. *See Pack v. Burns Int'l Sec. Serv.*, 130 F.3d 1071, 1072 (D.C.Cir.1997) (holding that "[b]ecause the district court's order failed to comply with Rule° 58, [appellant's] notice of appeal cannot be considered late"). Accordingly, the dis-

trict court's August 4, 1999 order denying Johnson's FRAP 4(a)(6) motion is vacated as moot.

▮ Johnson has not yet appealed to this court from the district court's July 16, 1998 order denying his § 2255 motion, and we therefore remand the case to the district court to permit Johnson to take the steps necessary to perfect an appeal. Those steps should include entry by the court of an order conforming to Rule 58. Although entry of a conforming order is not necessary for the district court's decision to become appealable,[10] "we again emphasize that, to avoid dispute and promote certainty, it is the better practice for the district court to assure as a matter of course the entry of each judgment as a separate document." *Ridder v. Office of Thrift Supervision*, 146 F.3d 1035, 1038 n. 2 (D.C.Cir.1998) (internal quotation omitted). Moreover, in order to take an appeal from the denial of his § 2255 motion, Johnson must first obtain a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1)(B), and the initial application for such a certificate should normally be made to the district court, *see United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C.Cir.2000).[11]

*So ordered.*

10. *Shalala v. Schaefer*, 509 U.S. 292, 303, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *see also Saro*, 252 F.3d 449, 452 n. 2 ("While the time limit for filing a notice of appeal does not begin to run until the district court files a judgment that conforms with Rule 58, this court has jurisdiction to decide an appeal filed before entry of a conforming judgment."); *Haynes*, 158 F.3d at 1331; *Pack*, 130 F.3d at 1072–73.

11. A COA is required to take an appeal from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). The government contends that the denial of Johnson's FRAP 4(a)(6) motion was the final order in his § 2255 proceeding, and that because

Johnson did not obtain a COA to appeal that order, this appeal should be dismissed even if the district court did not comply with Rule 58. We may, however, resolve issues that are "jurisdictional or have jurisdictional overtones" in any order. *In re Papandreou*, 139 F.3d 247, 254 (D.C.Cir.1998); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584–85, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). The district court's compliance with Rule 58 (as incorporated in FRAP 4(a)(1) and 4(a)(6)), is that kind of issue. *See Feuver*, 236 F.3d at 727 (noting that the time limits set out in FRAP 4(a) are "mandatory and jurisdictional"); *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 319 (7th Cir.1995) ("[C]ompliance with Rule 58 is jurisdictional in the sense that it

KAREN LeCRAFT HENDERSON, Circuit Judge, concurring:

I agree with my brethren but write separately to emphasize caution in applying their approach too broadly. The United States Supreme Court commands a mechanical application of Rule 58. *See United States v. Indrelunas*, 411 U.S. 216, 222, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam) ("separate document" provision of Rule 58 "must be mechanically applied to avoid new uncertainties as to the date on which a judgment is entered"). But such a mechanical application must be leavened with common sense. For example, the single citation/single sentence rule developed in this Circuit properly utilizes common sense in separating the conforming from the non-conforming. *See Kidd v. District of Columbia*, 206 F.3d 35, 37–39 (D.C.Cir.2000) ("[I]t is one thing to say that Rule 58 creates a straightjacket, another to define the straightjacket's precise measurements."); *Diamond by Diamond v. McKenzie*, 770 F.2d 225, 230 n. 10 (D.C.Cir.1985). Taking a similar common sense approach here, I believe, as is clear to any reasonable reader, that the district court penned a final, appealable judgment when it signed and issued the July 10, 1998 Order. I am unconvinced that the three "mistakes" emphasized by the majority— the stapling of the Order to the Memorandum, the district court's failure to sign the Memorandum and the Clerk's failure to file-stamp the Order—melded the Order and Memorandum into one.[1] First, the fact that the Order is stapled to the accompanying Memorandum does not transform it to mere ordering language tacked on to the Memorandum. Physical attachment, whether it be by a staple, paper clip or otherwise, cannot be determinative; we should, if anything, encourage attachment to promote order. The majority cites cases disfavoring judgments "tacked on" to opinions. *See* Maj. Op. at 285–86 & n.8. But in each of the cases, "tacked on" describes ordering language which, by my reading, appears to be included within or at the conclusion of a court's opinion or memorandum, not in an order on a separate page with a separate heading. *See Whitaker v. City of Houston*, 963 F.2d 831, 833 (5th Cir.1992) (ruling included at end of opinion); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 689 (4th Cir. 1978) ("notation" at end of ten-page opinion); *see also Nunez–Soto v. Alvarado*, 956 F.2d 1, 2 (1st Cir.1992) (judgment with single sentence of reasoning satisfies Rule 58 although tacked on judgments do not). Likewise, the *unsigned* Memorandum has no effect on whether the *signed* Order is a separate document under Rule 58. Finally, the Clerk's failure to file-stamp the Order is irrelevant to the Order *qua* a separate document; the separate document requirement of Rule 58 addresses how the judgment must be "set forth," not how it is recorded or treated by the Clerk. In any event the Clerk sufficiently complied with Rule 79(a) in entering the *Order*—the docket entry accurately depicts

determines when the time for appeal begins to run, but it is not to be so rigidly enforced that parties may not waive it."). As noted above, we have concluded that the district court's decision did not comply with Rule 58, and that as a result Johnson did not need a FRAP 4(a)(6) order in the first place—although he does now require a COA to take an appeal from the denial of his § 2255 motion. Accordingly, we have no need to consider whether Johnson would also have required a COA to appeal from the denial of a request for a FRAP 4(a)(6) order, had such an order been necessary to render his § 2255 appeal timely.

1. If it did, it would, as the majority recognizes, *see* Maj. Op. at 8, plainly violate our single citation rule since it would then encompass the multiple citations contained in the Memorandum.

its "nature" and "substance." The Clerk's mistake was in failing to enter *both* the Order and the Memorandum.

Nevertheless, because the opinion is narrow, applying only to the unusual facts here, and because our precedent favors dotting each "i" and crossing each "t" in applying Rule 58, I join in the remand.