# United States Court of Appeals
## For the First Circuit

No. 14-1132

VAQUERÍA TRES MONJITAS, INC.; SUIZA DAIRY, INC.,

Plaintiffs, Appellees,

PUERTO RICO DAIRY FARMERS ASSOCIATION (PRDFA),

Plaintiff,

v.

MYRNA COMAS-PAGÁN, in her official capacity as the
Secretary of the Department of Agriculture for the
Commonwealth of Puerto Rico; EDMUNDO ROSALY-RODRÍGUEZ,
in his official capacity as Administrator of the Office
of the Milk Industry Regulatory Administration for the
Commonwealth of Puerto Rico,

Defendants, Appellees,

----------------------------

INDUSTRIA LECHERA DE PUERTO RICO, INC.,

Intervenor Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before
Torruella, Lipez, and Thompson,
Circuit Judges.

Rafael M. Santiago-Rosa, with whom Vanessa Medina-Romero,
Darissa C. Hernández-Egúrbida and Marichal, Hernández, Santiago &
Juarbe, LLC, were on brief, for appellant.
Rafael Escalera-Rodríguez, with whom Amelia Caicedo-Santiago,

Carlos M. Hernández-Burgos and Reichard & Escalera, were on brief, for appellee Suiza Dairy, Inc.

José R. Lázaro-Paoli, José R. Lázaro-Paoli Law Offices, Enrique Nassar-Rizek and ENR & Associates, on brief, for appellee Vaquería Tres Monjitas, Inc.

---

December 2, 2014

---

**TORRUELLA, Circuit Judge.** This case stems from a long-running dispute that involves the Puerto Rico milk industry. Plaintiffs Suiza Dairy, Inc. ("Suiza") and Vaquería Tres Monjitas, Inc. ("Vaquería") reached a settlement agreement in the original case with the government defendants, Myrna Comas-Pagán, the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico, and Edmundo Rosaly-Rodríguez, the Administrator of the Office of the Milk Industry Regulatory Administration (collectively, the "Department"). Intervenors Industria Lechera de Puerto Rico, Inc. ("Indulac" under its Spanish acronym) and the Puerto Rico Dairy Farmers Association (the "PRDFA") objected to the settlement, claiming that it violated Puerto Rico's constitutional and statutory law. The district court approved the settlement agreement, and Indulac appeals, contending that the said action violated its due process rights by approving the agreement without affording Indulac a hearing. We conclude that Indulac's appeal is untimely, which deprives us of appellate jurisdiction. Accordingly, we dismiss the appeal.

## I. Background

The dispute over Puerto Rico's dairy industry is not new to this Court, and ample accounts of the litigation's origins can be found in our previous opinions. P.R. Dairy Farmers Ass'n v. Pagán, 748 F.3d 13 (1st Cir. 2014); Vaquería Tres Monjitas, Inc. v. Pagán, 748 F.3d 21 (1st Cir. 2014); Vaquería Tres Monjitas, Inc. v.

Irizarry, 587 F.3d 464 (1st Cir. 2009), reh'g & reh'g en banc denied, 600 F.3d 1 (1st Cir. 2010).

For the purposes of this appeal, the following summary of the facts suffices: after almost a decade of litigation -- complete with various evidentiary hearings, three appeals, and the onset of contempt proceedings -- the principal parties settled. The Department agreed to promulgate a regulation that would drastically reshape the already pervasively regulated Puerto Rico dairy industry.[1] As a result of the proceedings, a regulation was crafted to rework the pricing and structure of the market.[2] Indulac and the PRDFA were excluded from the bargaining table. Spurned, they moved for the district court to reject the settlement agreement, alleging that the regulation violated a host of Puerto Rico's constitutional and statutory provisions because the regulation allowed the Plaintiffs to keep more money and forced the

---

[1] "The milk industry is heavily regulated in Puerto Rico, and is under the purview of ORIL, a subdivision of the Department of Agriculture." P.R. Dairy Farmers Ass'n v. Pagán, 748 F.3d 13, 15 (1st Cir. 2014).

[2] According to Indulac, Regulation 12, the new regulation, constitutes a de facto repeal of a "service charge" previously paid to it under the milk regulatory scheme, which operated essentially as a direct subsidy. See Indulac's Urgent Opp'n to the Adoption of Final Settlement Agreement and Mem. of Understanding Between the Parties ¶10, Oct. 30, 2013, ECF No. 2328. Neither Suiza nor Vaquería contest this assertion. Likewise, neither contest that Regulation 12 also forces Indulac to pay a significantly higher price for raw milk than it paid prior to the regulation's promulgation. The regulation mandates that all milk processors pay the same price of $0.785 per quart of raw milk. See Informative Mot. Ex. 2, at 4, Sept. 30, 2014, ECF No. 2495.

-4-

Intervenors to receive less. The district court heard their arguments, and, after reasoned consideration, approved the settlement. The district court entered judgment on November 6, 2013. A day later, it amended the order to correct a simple grammatical mistake. On December 5, Indulac moved to alter the judgment pursuant to Fed. R. Civ. P. 59(e). The district court denied the motion, concluding that Indulac lacked standing to modify the judgment as it was not a party in the case. Vaquería Tres Monjitas, Inc. v. Comas, 992 F. Supp. 2d 39, 41 n.1 (D.P.R. 2013). Indulac appealed.

## II. Discussion

Because "the taking of an appeal within the prescribed time is 'mandatory and jurisdictional,'" we must examine the timeliness of Indulac's appeal. Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (per curiam)); see Acevedo-Villalobos v. Hernández, 22 F.3d 384, 387 (1st Cir. 1994). We have an obligation to inquire into jurisdictional issues sua sponte. Díaz-Reyes v. Fuentes-Ortiz, 471 F.3d 299, 300 (1st Cir. 2006); Doyle v. Huntress, Inc., 419 F.3d 3, 6 (1st Cir. 2005). We hold that we lack appellate jurisdiction to hear Indulac's appeal because it was untimely filed.

In a civil case, parties must appeal a judgment by filing a notice of appeal within thirty days of entry. Fed. R. App. P.

-5-

4(a)(1)(A).  This thirty-day limitations period is tolled if a party files a Rule 59(e) motion seeking to alter or amend the judgment.  Fed. R. App. P. 4(a)(4)(A)(iv).  In this scenario, the limitations period only begins to run after the district court enters an order disposing of the motion.  If, however, the Rule 59(e) motion itself is untimely, this court will not toll the appeals limitations period.  Feinstein v. Moses, 951 F.2d 16, 18 (1st Cir. 1991).  A Rule 59(e) motion is timely if it is filed within twenty-eight days of the judgment's entry.  See Fed. R. Civ. P. 59(e).  Here, the district court entered judgment on November 6. Indulac filed its motion on December 5, twenty-nine days later. The Rule 59(e) motion was untimely, and thus, the period to file an appeal was not tolled.  Accordingly, Indulac's appeal is untimely, meaning that we lack jurisdiction to hear its appeal.[3]

---

[3]  The district court's amended judgment on November 7 does not change the result.  The amendment was to fix a slight error in quotation and was therefore de minimis.  The amended quotation reads: "[a]ll such parties hereby waive any defense they may have to the enforcement of this Agreement." The original read: "all such parties hereby waive and any defense they have to the enforcement of this Judgment."  Courts cannot toll jurisdictional limitations periods based on amendments which are "of no import to the matters dealt with on review."  FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 249-50 (1952); see Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 223 n.2 (1st Cir. 1994) ("The settled rule is that non-substantive revision of a previously entered judgment does not restart or otherwise affect the period within which appellate review must be sought."); see also Hider v. City of Portland, No. 95-1077, 1995 WL 501984, at *2 (1st Cir. Aug. 23, 1995) (applying this rule in the context of a Rule 59 motion and explaining that "neither the re-entry of a judgment previously entered nor an immaterial revision to the judgment tolls the time period within which review must be sought").

In an effort to overcome the untimeliness of its appeal, Indulac argues that the district court's judgment was not contained within a "separate document,"[4] as required by Federal Rule of Civil Procedure 58(a).[5] To determine whether a district court's judgment was contained within a separate document, we utilize a mechanical (i.e. technical and formal) approach. See Fiore v. Wash. Cnty. Cmty. Mental Health Ctr., 960 F.2d 229, 235 (1st Cir. 1992) (en banc). Under this mechanical approach, we distinguish between documents that are explanatory opinions and documents that are separate judgments. See id. at 234-35. We have found, for example, that a denial of a motion in a margin note, inscribed on a photocopy of the original motion, is insufficient to constitute a separate judgment. Id. at 234. We have also found that a five-page document that "addressed and rejected each of [appellant's] arguments in turn, using explanatory language to give its reason for each rejection," and then concluded with a short order denying the motion for a new trial, was not a separate judgment. See P.R.

---

[4] Rule 58 provides, in pertinent part, that "[e]very judgment and amended judgment must be set out in a separate document...." Fed. R. Civ. P. 58(a).

[5] If Indulac were correct that the district court failed to enter a judgment conforming with Rule 58(a), the judgment would not be deemed "entered" until 150 days after the docket entry. Fed. R. Civ. P. 58(c); see also Santiago v. Rosario, 438 F.3d 101, 108 (1st Cir. 2006). Indulac would then have 28 days from that date to file its motion. Under this hypothetical, Indulac's motion was filed before the 28-day period even began and is thus timely.

Aqueduct & Sewer Auth. v. Constructora Lluch, Inc., 169 F.3d 68, 75 (1st Cir. 1999).

Here, we conclude that under our mechanical approach, the district court's Order and Judgment was a separate judgment, not an explanatory opinion. While the document in question does express the legal opinion that the signatures of the Department's agents on the settlement agreement evince waiver of the Eleventh Amendment, this single "explanatory sentence" is "not sufficient to transform the judgment into a memorandum or opinion." Núñez-Soto v. Alvarado, 956 F.2d 1, 2 (1st Cir. 1992). Indeed, even a cursory examination reveals its true nature as a judgment, not some other species of legal document. The Order and Judgment contains five numbered provisions. The five provisions do not provide legal analysis, but rather incorporate the terms of the settlement agreement, explain that the district court retains jurisdiction for purposes of compliance, and state which parties and successors are bound by the agreement.

To be construed as an explanatory opinion, this Order and Judgment would have to engage with the issues raised by the parties.[6] This it does not do. In advance of the issuance of this document, the parties made a number of substantive arguments.

---

[6] Cf. P.R. Aqueduct & Sewer Auth., 169 F.3d at 75 ("Appellees cannot escape the fact that the December 11, 1997 Opinion and Order was a five-page explanatory opinion denying [appellant's] motion that was not accompanied by a separate one-line judgment." (emphasis added)).

Indulac argued to the district court that the settlement agreement would trample its and the Puerto Rico dairy farmers' rights. Indulac's Urgent Opp'n to the Adoption of Final Settlement Agreement and Mem. of Understanding Between the Parties ¶3, Oct. 30, 2013, ECF No. 2328. In its motion, Indulac listed a number of harms it would suffer if Regulation 12 were promulgated as written. Id. ¶¶8-13. In Indulac's reply to Suiza's and Vaquería's opposition, it reiterated that the Regulation "contravenes Puerto Rico Law." Indulac's Urgent Reply to Opp'ns by Suiza Dairy, Inc. and Vaquería Tres Monjitas, Inc. ¶2, Nov. 1, 2013, ECF No. 2333. It cited the resignation of ORIL's Administrator as evidence that the Regulation was illegal. Id. at ¶4. The district court's Order and Judgment addresses neither these claims nor those of any of the parties. Cf. P.R. Aqueduct & Sewer Auth., 169 F.3d at 75-76 (holding that a short document was not a separate judgment because it analyzed each of the appellant's arguments one-by-one). The order does nothing more than incorporate and approve the parties' agreement, and it is almost entirely devoid of legal analysis. The document at issue was also entitled "Order and Judgment," which may be taken as a further indication that the document is a separate judgment and not a memorandum or an opinion. See Núñez-Soto, 956 F.2d at 2 ("The separate document in this case is clearly labeled 'Judgment' and it is crystal clear from its terms that it was intended to operate as

a judgment."); cf. P.R. Aqueduct and Sewer Auth., 169 F.3d at 73 (dealing with a document labeled "Opinion and Order"); In re Lupron Mktg. & Sales Practice Litig., 677 F.3d 21, 27 (1st Cir. 2012) (dealing with a document labeled "Memorandum and Order").

Since we hold that the district court's Order and Judgment satisfies the separate document rule, we lack appellate jurisdiction to hear Indulac's appeal because it was untimely. See Fed. R. App. P. 4(a); Acevedo-Villalobos, 22 F.3d at 387. As we lack jurisdiction, we need not address the merits of Indulac's appeal. See Deniz v. Municipality of Guaynabo, 285 F.3d 142, 149-50 (1st Cir. 2002) (holding that an assessment of the merits absent jurisdiction is "gratuitous" and "a matter of purely academic interest"); Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.").

### III. Conclusion

For the aforementioned reasons, we **dismiss** Indulac's appeal for lack of jurisdiction.

**So Ordered.**