UNITED STATES of America,
Appellee,

v.

Scott Lee FEUVER, a/k/a Scott
Lee Feuer, Appellant.

Nos. 99–3065, 99–3071.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 17, 2000.

Decided Jan. 19, 2001.

Adam N. Steinman argued the cause as amicus curiae on behalf of the appellant. Steven H. Goldblatt, amicus curiae appointed by the court, was on brief.

Elizabeth H. Danello, Assistant United States Attorney, argued the cause for the appellee. Wilma A. Lewis, United States Attorney, and John R. Fisher, Roy W. McLeese, III, Mary-Patrice Brown, and Jonathan M. Malis, Assistant United States Attorneys, were on brief. Alex J. Bourelly, Assistant United States Attorney, entered an appearance.

Before: SENTELLE, HENDERSON and GARLAND, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

In No. 99–3071, Scott Lee Feuver, a/k/a Scott Lee Feuer, appeals from the district court's denial of his Section 2255 motion. The government asserts that the court lacks jurisdiction to hear the appeal because Feuver's notice of appeal is untimely under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure. We agree and accordingly dismiss the appeal.[1]

1. In No. 99–3065, Feuver appeals the district court's denial of his motion to set aside the

## I. BACKGROUND

Scott Lee Feuver was charged with six counts of bank robbery and attempted bank robbery in violation of 18 U.S.C. § 2113(a) and one count of attempted robbery in violation of D.C.Code Ann. § 22–2902. On December 12, 1996 Feuver pleaded guilty to three counts of bank robbery and on July 18, 1997 he was sentenced to 115 months of imprisonment, 3 years of supervised release and a $300 special assessment. At the sentencing hearing, Feuver asserted that the public defender representing him had been ineffective and sought the appointment of new counsel. The district court refused to appoint new counsel and also denied Feuver's motion to withdraw his plea.

On August 4, 1997 Feuver filed in the district court a *pro se* Section 2255 motion to vacate, set aside or correct the sentence alleging primarily that his lawyer's inadequate performance had deprived him of effective assistance of counsel. On September 28, 1998 the district court denied the Section 2255 motion without holding a hearing. The district court order was entered on October 21, 1998.[2] Feuver asserts he never received notice of the district court's decision.

Over five months later, on March 30, 1999 Feuver filed with the district court a "Motion for Determination of Status" seeking information about his case. On April 6, 1999 the district court directed the Clerk of Court to send Feuver a copy of the September 28, 1998 order. *See United States v. Feuver,* Criminal No. 96–397 (TPJ) (D.D.C. Apr. 6, 1999). On April 27, 1999 Feuver, through his new counsel, John A. Briley, Jr., moved to set aside and vacate the September 28, 1998 order. The district court promptly denied the motion on April 29, 1999. *See United States v. Feuver,* Criminal No. 96–397 (TPJ) (D.D.C. Apr. 29, 1999). On May 10, 1999 Briley submitted an "Application for Certificate of Appealability from the Order Dated September 28, 1998" asking the court to issue the certificate dated *nunc pro tunc.* On May 13, 1999 the district court issued a certificate of appealability dated *nunc pro tunc* October 5, 1998. *See United States v. Feuver,* Criminal No. 96–397 (TPJ) (D.D.C. May 13, 1999). On May 21, 1999 Feuver, through counsel, filed a notice of intent to appeal the September 28, 1998 order (Appeal No. 99–3071). Meanwhile, on May 12, 1999 Feuver himself filed a notice of appeal of the April 29, 1999 order denying the April 27, 1999 motion (Appeal No. 99–3065). On June 4, 1999, pursuant to Feuver's *pro se* motion, No. 99–3065 was consolidated with No. 99–3071.

On July 13, 1999 the government moved to dismiss No. 99–3071 for lack of jurisdiction and sought summary affirmance in No. 99–3065. A motions panel of this court denied the motion for summary affir-

---

order denying the Section 2255 motion. As explained *infra* at note 3, we conclude that all appealable issues in No. 99–3065 are abandoned.

**2.** Because of its importance to the jurisdictional question, we set forth the complete text of the district court order:

Order

Upon consideration of the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody [16] [sic] the government's opposition thereto, the movant's <u>pro se</u> memoranda in support thereof, the memoranda by counsel for movant in support thereof, the affidavit of movant's former counsel, Assistant Federal Public Defender Valencia R. Rainey,

and the entire record herein, it is this 28th day of September, 1998,

ORDERED, it appearing to the Court that movant has failed to establish that his attorney provided representation that was, "outside the wide range of professionally competent assistance," *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and for substantially the reasons advanced in the government's opposition, that movant's motion under 28 U.S.C. § 2255 is denied; and it is

FURTHER ORDERED, that C.A. No. 97–1783 is dismissed with prejudice.

Thomas Penfield Jackson /s/
U.S. District Judge

*United States v. Feuver,* Criminal No. 96–397 (TPJ), Civil Action No. 97–1783 (D.D.C. Sep. 28, 1998).

mance, referred the motion to dismiss to the merits panel and appointed an *amicus curiae* to argue the issues on Feuver's behalf. *See United States v. Feuver*, No. 99–3065 (consolidated with No. 99–3071) (D.C.Cir. Oct. 14, 1999). The motions panel directed the parties to address whether Rule 58 applies to this Section 2255 proceeding and, if so, whether the order entered by the district court satisfies the requirements of Rule 58. The panel also brought to the parties' attention *Kidd v. District of Columbia*, 206 F.3d 35, a case then pending before the court involving the application of Rule 58.

Feuver's *pro se* briefs failed to comply with the briefing schedule and on February 17, 2000 the consolidated cases were dismissed for failure to prosecute. *See United States v. Feuver*, No. 99–3065 (consolidated with No. 99–3071), 2000 WL 274209 (D.C.Cir. Feb. 17, 2000). On April 25, 2000, however, the court vacated its February 17, 2000 order and decided that the cases should proceed based only on the arguments presented in the *amicus* brief. *See United States v. Feuver*, No. 99–3065 (consolidated with No. 99–3071) (D.C.Cir. Apr. 25, 2000). The cases are now before us on the merits.[3]

## II. DISCUSSION

■ Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure provides that "[w]hen the United States ... is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(B). It is well settled that the time limits set out in the Rule are "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Moore v. South Carolina Labor Bd.*, 100 F.3d 162, 163 (D.C.Cir.1996) ("In

general, the time limit established by Federal Rule of Appellate Procedure 4(a) for noting an appeal of an order of the district court is mandatory and jurisdictional."). Thus, resolution of this case turns on whether Feuver's notice of appeal was timely.

The *amicus* offers two alternative theories to support the timeliness of the appeal. First, the *amicus* submits that the district court's September 28, 1998 order failed to comply with Rule 58 of the Federal Rules of Civil Procedure and therefore the time for filing a notice of appeal has not yet begun to run. Second, the *amicus* contends that on May 13, 1999 the district court, by granting a certificate of appealability *nunc pro tunc*, extended Feuver's time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. We find both arguments unpersuasive.

As noted above, Rule 4(a)(1)(B) requires that an appeal be taken "within 60 days after the judgment or order appealed from is entered." Fed. R.App. P. 4(a)(1)(B). Rule 4(a)(7) explains that a "judgment or order is entered for purposes of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Fed. R.App. P. 4(a)(7). Rule 58 in turn provides that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth ...." Fed.R.Civ.P. 58. Thus, in order to start the clock on a party's right to appeal, the district court must enter a judgment that complies with Rule 58.

Earlier in this litigation, there was a question whether the requirements of Rule 58 apply to a Section 2255 proceeding. *See United States v. Feuver*, No. 99–3065 (consolidated with No. 99–3071) (D.C.Cir. Oct. 14, 1999). The government no longer disputes the applicability of Rule 58.[4]

---

**3.** As noted *supra*, our April 25, 2000 order permitted the cases to proceed only on the basis of the *amicus* briefs. *See United States v. Feuver*, No. 99–3065 (consolidated with No. 99–3071) (D.C.Cir. Apr. 25, 2000). Because the *amicus* brief advances no arguments regarding No. 99–3065, we deem all appealable

issues in No. 99–3065 abandoned. *See Terry v. Reno*, 101 F.3d 1412, 1415 (D.C.Cir.1996), *cert. denied*, 520 U.S. 1264, 117 S.Ct. 2431, 138 L.Ed.2d 193 (1997). Accordingly, we discuss only the issues raised in No. 99–3071.

**4.** Because the government concedes the issue, we need not decide whether compliance with

What is disputed, however, is whether the order entered by the district court here, *see supra* note 2, complies with the "separate document" requirement of Rule 58.

■ The government argues that the district court order satisfies Rule 58 as the Rule was interpreted in *Kidd v. District of Columbia,* 206 F.3d 35 (D.C.Cir.), *reh'g en banc denied,* 214 F.3d 179 (D.C.Cir.2000), *cert. denied,* 69 U.S.L.W. 3281 (U.S. Jan. 8, 2001) (No. 00–544). In *Kidd,* we held that an order containing one citation to legal authority and one sentence explaining the district court's reasoning conformed to Rule 58's "straightjacket." *Id.* at 39 ("Our decision in *Diamond* itself endorses decisions of other circuits allowing inclusion of at least one citation to legal authority and at least a one-sentence explanation of the court's reasoning."); *id.* ("Although our single-citation, single-sentence standard for Rule 58 may well seem arbitrary, ... we think it most proper to follow *Diamond's* analysis."). Here, argues the government, the order contains only one sentence explaining the court's reasoning and one citation and therefore complies with *Kidd.* We agree.

The *amicus* contends that the order is distinguishable from *Kidd* because it "makes legal findings regarding a claim's substantive merits." Reply Brief of *Amicus Curiae* at 1. The *amicus's* argument is not compelling. In *Kidd,* the district court order addressed the merits of the plaintiff's argument and concluded that the plaintiff " 'does not set forth any arguments that would cause the Court to reject Magistrate Judge Robinson's Report and Recommendation.' " *Kidd,* 206 F.3d at 38–39 (quoting from district court order).

Thus, because there is no meaningful distinction between *Kidd* and this case, the district court order complies with the separate document requirement of Rule 58 and the time for appeal started running on October 21, 1998 when the district court order was entered. *See Kidd,* 206 F.3d at 39. Consequently, because the notice of appeal was filed more than 60 days after the entry of judgment, the appeal is untimely.

■ The *amicus,* relying on Rule 4(a)(6) of the Federal Rules of Appellate Procedure, offers another argument to sidestep the timeliness issue.[5] The argument runs as follows: (1) in light of the convention that a *pro se* plaintiff's motions are construed liberally, Feuver's "Motion for Determination of Status" is properly construed as a Rule 4(a)(6) motion to reopen the time to file an appeal; (2) the district court construed the motion in this way; (3) on May 13, 1999 the district court issued a certificate of appealability dated *nunc pro tunc* October 5, 1998, in effect granting Feuver's motion to reopen the time to file an appeal; (4) Feuver filed an appeal on May 21, 1999 which was within the 14–day period permitted by Rule 4(a)(6); (5) therefore, Feuver's appeal is timely. The argument, although deft, is without merit.

Given the 180–day requirement of Rule 4(a)(6), *see* Fed. R.App. P. 4(a)(6)(A), the only motion eligible for consideration under the Rule is Feuver's "Motion for Determination of Status." Counsel's April 27, 1999 motion to set aside the September 28, 1998 order came too late—it was filed after the 180–day period had expired. But, even under the most charitable read-

Rule 58 is required in all Section 2255 proceedings.

**5.** Rule 4(a)(6) provides:

Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

  (A) the motion is filed within 180 days after the judgment or order is entered or

within 7 days after the moving party receives notice of the entry, whichever is earlier;

  (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

  (C) the court finds that no party would be prejudiced.

Fed. R.App. P. 4(a)(6).

ing of Feuver's "Motion for Determination of Status," we simply cannot see how the motion can be interpreted as a motion to reopen the time for filing an appeal. All Feuver sought in his motion was to obtain a copy of the order.[6] The motion does not even mention the word "appeal" from which the district court could have concluded a Rule 4(a)(6) request was before it.[7] Nor does the district court's response to the "Motion for Determination of Status" indicate that the district court treated it as such. The district court merely directed the Clerk of Court to send Feuver another copy of the September 28, 1998 order. Finally, the May 13, 1999 certificate of appealability was issued in response to the May 10, 1999 request by Briley and does not refer to Feuver's Motion for Determination of Status nor does it mention Rule 4(a)(6). In light of the foregoing, we conclude that Rule 4(a)(6) does not save Feuver's untimely appeal.

In sum, Feuver's appeal came too late and we are without jurisdiction to proceed further. The appeal is therefore

*Dismissed.*

Telecommunications Resellers Association, et al.,
Intervenors.

Nos. 99–1535 & 00–1090.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 30, 2000.

Decided Jan. 23, 2001.

6. According to the Motion for Determination of Status, on February 2, 1999 Feuver inquired of the Clerk of Court about his case. In response, the Clerk forwarded Feuver an updated docket statement showing that the 2255 motion had been denied with prejudice. On March 1, 1999 Feuver again inquired of the Clerk, "requesting an order." Appendix to Brief of *Amicus Curiae* in Support of Appellant at 199. After receiving no response to the second inquiry, Feuver filed his Motion for Determination of Status.

7. Thus, the *amicus's* reliance on cases in which courts have construed *pro se* motions

as Rule 4(a)(6) motions is unavailing. Unlike here, in the cases cited, the *pro se* motion made clear that the court was asked to decide a question about the timeliness of the appeal. *See, e.g., Sanders v. United States,* 113 F.3d 184, 186 (11th Cir.1997) (per curiam) (construing late-filed notice of appeal as motion to reopen under Rule 4(a)(6)); *Ogden v. San Juan County,* 32 F.3d 452, 454 (10th Cir.1994) (construing *pro se* notice of appeal as motion to reopen where notice of appeal proffered excuse for lack of timeliness), *cert. denied,* 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995).