**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 03-7914**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES GRAY,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Charles H. Haden II,
District Judge.  (CR-00-186; CA-02-1355)

—————————

Submitted:  May 12, 2004              Decided:  May 21, 2004

—————————

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

—————————

Remanded by unpublished per curiam opinion.

—————————

James Gray, Appellant Pro Se.  Michael Lee Keller, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.  See
Local Rule 36(c).

PER CURIAM:

James Gray seeks to appeal the district court's order adopting a magistrate judge's recommendation to deny relief on his motion filed under 28 U.S.C. § 2255 (2000), an order denying his motion for certificate of appealability, and a subsequent order denying his motion for reconsideration. In civil actions in which the United States or an officer or agency thereof is a party, all parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). These time periods are "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Gray's § 2255 motion was entered on the docket on August 21, 2003. The notice of appeal, postmarked November 26, 2003, was received by the district court on December 1, 2003.[1] In his notice of appeal, Gray stated that he did

___

[1]For the purpose of this appeal, we assume the date appearing on the envelope containing the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988). Under the certificate of service, the only date reference is "Done this ___ day of November 2003." To benefit from the mailbox rule, the prisoner must comport with the requirements of Fed. R. App. P. 4(c)(1) and 28 U.S.C. § 1746 (2000). Gray does not attest to a date in the certificate of service by a

- 2 -

not receive timely notice of the court's order denying habeas relief. We construe Gray's statement as a motion to reopen the time to note an appeal under Fed. R. App. P. 4(a)(6).[2] See United States v. Feuver, 236 F.3d 725, 729 & n.7 (D.C. Cir. 2001). Rule 4(a)(6) permits a district court to reopen the appeal period if (a) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; (b) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and (c) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Here, the record is unclear as to when Gray received notice of the entry of the court's order denying his § 2255 motion. Accordingly, we remand the case to the district court for the court to determine whether Gray can satisfy the requirements of Rule 4(a)(6). See Ogden v. San Juan County, 32 F.3d 452, 454 (10th Cir. 1994). The record, as supplemented, will then be returned to this court for further review.

REMANDED

---

declaration under penalty of perjury or a notarized statement.

[2]Gray cannot benefit from Rule 4(a)(5) because he filed his notice of appeal more than thirty days after the expiration of the appeal period. See Fed. R. App. P. 4(a)(5).