**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7224**

STUART WAYNE TOMPKINS,

            Plaintiff - Appellant,

      v.

DAVID MITCHELL, Superintendent,

            Defendant - Appellee.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Graham C. Mullen,
Senior District Judge.   (1:08-cv-00322-GCM)

Submitted:  February 17, 2010          Decided:  March 4, 2010

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Remanded by unpublished per curiam opinion.

Stuart Wayne Tompkins, Appellant Pro Se.   Yvonne Bulluck Ricci,
Assistant  Attorney  General,  Raleigh,  North  Carolina,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stuart Wayne Tompkins seeks to appeal the district court's order denying relief in his 42 U.S.C. § 1983 (2006) action. The district court entered its order on April 14, 2009. Tompkins filed his notice of appeal on June 23, 2009. Attached to his notice of appeal, Tompkins provided a sworn statement that he did not receive notice of the district court's order until June 21, 2009.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); see Bowles v. Russell, 551 U.S. 205, 214 (2007).

Tompkins' notice of appeal is clearly untimely. However, we construe Tompkins' notice of appeal as a motion to reopen the time to appeal. See United States v. Feuver, 236 F.3d 725, 729 n.7 (D.C. Cir. 2001). Accordingly, we remand the case to the district court for the limited purpose of permitting that court to determine whether Tompkins can satisfy the requirements for reopening the appeal period set forth in Rule

2

4(a)(6).  See <u>Ogden v. San Juan County</u>, 32 F.3d 452, 454 (10th Cir. 1994).  The record, as supplemented, will then be returned to this court for further consideration.

<u>REMANDED</u>