**Abdul BROWN, Appellant**

v.

**Jeffrey BEARD; William Stickman; Fred Maue; Lance Couturier; Donald Williamson; Mike Zaken; Harry Wilson; George Reposky; Adam Crumb; Scott Nickelson; Charles Dobrzynski; Robert Holman; Lee Johnson; John Meeker; Correctional Officer Cummings; Ken Ketcher.**

**No. 09–2616.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 4, 2010.

Filed: March 22, 2010.

Abdul Brown, Labelle, PA, pro se.

Mariah Passarelli, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for Appellee.

Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Abdul Brown appeals *pro se* from the District Court's entry of summary judgment in favor of the defendants and its denial of his motion for relief from that judgment. For the following reasons, we will dismiss this appeal in part, reverse in part, and remand for further proceedings.

### I.

Brown is a Pennsylvania state prisoner who alleges that he suffers from bi-polar disorder. In 2007, he filed suit *pro se* under 42 U.S.C. § 1983 against numerous Pennsylvania Department of Corrections personnel alleging multiple violations of his constitutional rights. Among other things, Brown alleges that defendants placed him in a restrictive Special Management Unit ("SMU") without due process or a psychological screening and that such placement is exacerbating his mental illness, which defendants otherwise have failed to treat.

Brown also alleges that defendants have used excessive force and otherwise subjected him to cruel and unusual punish-

ment. For example, he alleges one incident in which certain defendants tasered and maced him while he was held in a restraint chair, which caused him to vomit and defecate on himself, then kept him in the chair for approximately eight hours with no bathroom break. Part of this incident was videotaped, and defendants apparently concede the tasering, macing and eight hours of continuous restraint, but Brown also alleges that defendants punched and kicked him while the video recorder was turned off.

Brown further alleges that defendants denied him food and spit tobacco in his food in retaliation for previous lawsuits, then, in retaliation for his grievance about the alleged tobacco spitting incident, spread a false rumor that he is a "snitch," thus subjecting him to threats and assaults by other inmates. Brown sought declaratory, injunctive and monetary relief.

Defendants answered the complaint and later filed a motion for partial summary judgment, which the District Court denied.[1] Following discovery, which Brown contends was inadequate, defendants filed a motion for summary judgment in full. Brown's response initially was due to be filed by September 5, 2008. On July 30, 2008, Brown filed a motion to extend that deadline because, *inter alia*, he had been transferred from his state facility to a federal facility without his legal materials. The District Court granted his motion and extended the deadline for a response until November 5, 2008.

After that deadline passed, Brown filed a motion for a further extension, alleging now that he had been transferred from the federal facility back to his state facility without the legal materials that had been forwarded to him at the federal facility. The District Court granted that motion by order entered December 31, 2008, and extended the response deadline until January 30, 2009. In its order, the District Court cautioned that, "[i]f the response is not filed by January 30, 2009 a decision will be made without the benefit of a response by Plaintiff." (Dist. Ct. Docket No. 75 at 2.)

On January 21, 2009, nine days before his response was due, Brown filed (1) an affidavit pursuant to Fed.R.Civ.P. 56(f) seeking additional discovery before a ruling on summary judgment, and (2) a motion for the appointment of counsel.[2] In the affidavit, Brown asserted that he could support his claims with affidavits by fellow prisoners who had since been transferred out of the SMU, but that DOC policy forbade him from corresponding with them. (Dist. Ct. Docket No. 76.) He also asserted that defendants had refused to produce his psychological evaluations and information regarding his transfer to SMU (in particular, the petition setting forth the reasons for the transfer). (*Id.*)

The District Court never addressed Brown's Rule 56(f) affidavit, but it ordered defendants to respond to the counsel motion. Defendants acknowledged that they had refused, on confidentiality grounds, to produce Brown's own psychiatric evaluations and certain information regarding his transfer to SMU. They agreed, however, to produce a redacted version of the SMU transfer petition. The record does not disclose whether they ever did so. The District Court then denied Brown's motion

---

1. This order was entered by the District Court, but all other orders addressed herein were entered by a Magistrate Judge, who conducted proceedings with the parties' consent pursuant to 28 U.S.C. § 636(c). We will refer to the Magistrate Judge as the District Court throughout the remainder of this opinion.

2. This was the last of multiple motions for the appointment of counsel that Brown filed. The District Court denied each of them without prejudice to Brown's ability to reassert later if future circumstances so warranted.

for counsel because it did not believe the production of any additional documents necessary. The District Court also wrote that, given the document defendants already had produced, Brown "will be able to adequately respond to any summary judgment motion." (Feb. 9, 2009 "text-only" order on docket.) One month later, however, without addressing Brown's other requests in his Rule 56(f) affidavit or receiving a response, the District Court granted defendants' motion for summary judgment by memorandum order and judgment entered March 10, 2009.[3]

Any appeal was due to be filed by April 9, 2009, *see* Fed. R.App. P. 4(a)(1)(A), but Brown did not file one. On May 12, 2009, he filed a "motion for status of case" requesting a copy of the docket entries. On May 19, 2009, he filed a "brief in opposition nunc pro tunc" to defendants' motion for summary judgment.[4] The District Court sent Brown a copy of the docket entries that same day. Two days later, Brown filed both a motion requesting that the Court send him a copy of its summary judgment order and a motion that he characterized as a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. In these motions, Brown asserted that he had never received a copy of the summary judgment order and could prove as much through the prison's legal mail log. He also argued that he had not filed his brief earlier because he believed that his Rule 56(f) affidavit put summary judgment "on hold." The only substantive relief he requested was that the District Court consider his *nunc pro tunc* opposition to defendants' motion for summary judgment. By "text-only" order entered on the docket on May 23, 2009 the District Court denied Brown's motion for relief from the judgment. Brown appeals.[5]

## II.

### A. Appellate Jurisdiction

■ In his notice of appeal, Brown purports to appeal from both the District Court's March 10 judgment and its May 23 order denying his motion for relief from that judgment. Brown, however, did not timely appeal from the March 10 judgment, so we lack jurisdiction to review it. *See Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Accordingly, we will dismiss his appeal to the extent he seeks review of that judgment.[6]

3. As explained below, we do not presently have jurisdiction to review the District Court's entry of summary judgment, and we thus express no opinion on the merits of that ruling. We note, however, that the ruling rests in part on Brown's failure to submit certain evidence in support of his claims. Our purely informational review suggests that Brown may have been able to do so if he were represented by counsel or if the District Court had allowed certain of the discovery he sought.

4. Brown's brief raised legal arguments and made an evidentiary showing by attaching five affidavits from fellow prisoners as well as other evidence. Brown also argued, as he had asserted in his Rule 56(f) affidavit, that he had been unable to obtain sufficient discovery to respond to defendants' motion.

5. The May 23 order also denied a motion that Brown had filed seeking leave to correspond with other prisoners. Brown raises no issue regarding that ruling on appeal.

6. Brown's allegation that he lacked notice of the judgment potentially states a basis for the District Court to reopen his time to appeal under Fed. R.App. P. 4(a)(6). Brown, however, did not seek that relief or even use the word "appeal" in any of his post-judgment motions, and it is clear that he sought only to proceed in the District Court. Thus, there is no basis to remand for the District Court to treat any of Brown's motions as a motion under Rule 4(a)(6). *See United States v. Feuver*, 236 F.3d 725, 728–29 (D.C.Cir.2001).

■ The parties dispute whether we have jurisdiction to review the District Court's May 23 order denying Brown's putative Rule 59(e) motion. Defendants argue that we lack jurisdiction because Fed. R.App. P. 4(a)(4) permits an appeal only from the denial of a timely Rule 59(e) motion and that Brown's Rule 59(e) motion was untimely because he did not file it within ten days of the District Court's judgment.[7] Defendants cite no authority for that contention. We need not address it, however, because we conclude that Brown's motion, despite its caption, is properly construed as one under Fed. R.Civ.P. 60(b)(1)

We have repeatedly held that "the function of the motion, and not the caption, dictates which Rule is applicable." *United States v. Fiorelli,* 337 F.3d 282, 287–88 (3d Cir.2003) (citing, *inter alia, Smith v. Evans,* 853 F.2d 155, 158 (3d Cir.1988)). A Rule 59(e) motion is a " 'device to relitigate the original issue' decided by the District Court, and used to allege legal error." *Id.* at 288 (citation omitted). A Rule 60(b)(1) motion, by contrast, permits relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

In this case, Brown's putative Rule 59(e) motion did not seek to relitigate any issue already decided by the District Court. Instead, Brown argued that the District Court should set aside its entry of summary judgment and consider his opposition brief and exhibits *nunc pro tunc* because he had a good excuse for not having filed them earlier. *See White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 451–52, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (holding that motion requiring an inquiry that is "separate from the decision on the merits" is not a Rule 59(e) motion).

Brown did raise certain arguments that might be construed as legal issues properly raised under Rule 59(e), but the only substantive relief he requested was for the District Court to open the judgment and consider the *nunc pro tunc* opposition brief and exhibits that he filed after it had been entered. *See First Nat'l Life Ins. Co. v. California Pac. Life Ins. Co.,* 876 F.2d 877, 882 (11th Cir.1989) (treating motion asking District Court to set aside summary judgment and consider subsequently filed affidavits as a Rule 60(b)(1) motion). Thus, as Brown now argues on appeal, his motion is properly characterized as one under Rule 60(b)(1). That motion was timely, *see* Fed.R.Civ.P. 60(c)(1), and Brown filed a timely notice of appeal from the District Court's order denying that motion. Accordingly, we have jurisdiction to review it under 28 U.S.C. § 1291.

### B. The Denial of Brown's Rule 60(b)(1) Motion

■ We review the District Court's denial of Brown's Rule 60(b)(1) motion for abuse of discretion. *See In re Cendant Corp. PRIDES Litig.,* 234 F.3d 166, 170 (3d Cir.2000). Under this standard, " 'we will not interfere with the District Court's exercise of its discretion unless there is a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Id.* We believe that the District Court committed such an error here.

The District Court did not expressly treat Brown's motion as one under Rule 60(b)(1), but it addressed the substance of his request and its analysis touched on the relevant considerations. "The test for 'ex-

---

**7.** Effective December 1, 2009, Rule 59(e) has been amended to permit the filing of a motion within 28 days after the entry of judgment.

cusable neglect' is equitable, and requires us to weigh the 'totality of the circumstances.' In particular, we consider [1] the danger of prejudice to the other party; [2] the length of the delay and its potential impact on judicial proceedings; [3] the reason for the delay—and whether it was within the movant's control; and [4] whether the movant acted in good faith." *Nara v. Frank,* 488 F.3d 187, 193–94 (3d Cir.2007) (citations omitted). In this case, Brown's delay was not particularly long under the circumstances, and there is no indication that he failed to file a brief in bad faith or that defendants would be prejudiced by allowing him to file it now.

In addition, Brown gave a reasonable excuse for not filing his brief earlier than he did. Brown argued in his Rule 60(b)(1) motion that he had not filed his brief earlier because he had filed a Rule 56(f) affidavit and believed that the effect of that affidavit was to "put on hold granting summary judgement." (Dist. Ct. Docket No. 90.) Brown filed his Rule 56(f) affidavit before his response deadline had passed. In his affidavit, he claimed to still require: (1) affidavits from prisoner witnesses with whom DOC policy prevented him from corresponding; (2) his psychiatric records; (3) documents relating to his transfer to SMU; and (4) the opportunity to take depositions. That filing gave the District Court three options: either to deny the motion for summary judgment, grant a

continuance, or "issue any other just order." Fed.R.Civ.P. 56(f). Thus, Brown's explanation that he was awaiting a ruling on his Rule 56(f) affidavit before filing a brief is reasonable.[8]

None of the District Court's reasons for rejecting Brown's explanation withstands scrutiny. First, the District Court wrote that it had granted Brown two extensions to respond to defendants' motion but that "[n]o response was ever received[.]" (May 23, 2009 "text-only" order on docket.) The District Court, however, never acknowledged Brown's affidavit, which Rule 56(f) allows a party to file in opposition to a motion for summary judgment.

Second, the District Court wrote that Brown had had eight months to file a response and "blatantly disregarded numerous court orders to do so." (*Id.*) Brown, however, did not "blatantly disregard numerous court orders." At most, he disregarded one, and the District Court excused it. The only deadline that Brown let pass without a filing was the November 5, 2008 response deadline. Brown later filed a motion for relief from that deadline on the basis of a prison transfer, and the District Court granted the motion and extended the time for a response to January 30, 2009. Brown filed his Rule 56(f) affidavit nine days before that deadline.

Third, the District Court wrote that Brown "was advised that if he did not

---

**8.** The District Court never addressed Brown's Rule 56(f) affidavit. The District Court later denied Brown's subsequent request for counsel on the grounds that Brown's psychiatric records and the SMU transfer documents are irrelevant to his claims, but it did not address the remainder of the discovery Brown sought. The District Court's failure to address Brown's Rule 56(f) affidavit is not directly before this Court for review, as it would be if Brown had timely appealed from the summary judgment ruling itself. We note, however, that there is ample authority in this Circuit that Rule 56(f) relief should be granted " 'al-

most as a matter of course' " when relevant information is in the hands of the opposing party. *E.g., San Filippo v. Bongiovanni,* 30 F.3d 424, 432 (3d Cir.1994) (citation omitted). *See also St. Surin v. Virgin Islands Daily News, Inc.,* 21 F.3d 1309, 1314 (3d Cir.1994) (holding that District Court abused its discretion in entering summary judgment while Rule 56(f) motion still pending). Thus, regardless of the merits of Brown's Rule 56(f) affidavit, it would be difficult to characterize his belief that it put summary judgment "on hold" as unreasonable.

respond [by January 30, 2009] the [summary judgment] motion would be ruled on." (*Id.*) The District Court is correct that it so advised Brown in its December 30, 2008 order granting him a final extension. Brown, however, filed his Rule 56(f) affidavit before that deadline, and his position that he was awaiting a ruling is reasonable. Moreover, the District Court later stated in ruling on Brown's final counsel motion that Brown "will be able to adequately respond to any summary judgment motion," thus appearing to contemplate a response after the January 30 deadline. (Feb. 9, 2009 "text-only" order on docket.) In addition, the defendants agreed to produce additional discovery after that deadline had passed. (Dist. Ct. Docket No. 80.) For these reasons too, Brown might reasonably have believed that summary judgment was "on hold."

Finally, the District Court wrote that Brown had provided "no explanation for the long delay" in filing his brief. (May 23, 2009 "text-only" order on docket.) But Brown had: he had alleged two prison transfers (explanations the District Court previously accepted), an inability to obtain discovery from the defendants, and a period of waiting for a ruling on his Rule 56(f) affidavit followed by lack of notice of the District Court's ruling for over two months.

For these reasons, we conclude that the District Court abused its discretion in denying Brown's motion for relief from its entry of summary judgment. Accordingly, we will reverse the District Court's order of May 23, 2009, and remand. On remand, the District Court is directed to grant Brown's Rule 60(b) motion, consider his

opposition brief, and conduct such other proceedings as may be required. We acknowledge the difficult task that the District Court has faced in managing this *pro se* litigation.[9] In light of our ruling, the District Court may wish to revisit Brown's request for the appointment of counsel.

9. Indeed, we recognize that, when the *pro se* litigant is incarcerated, particular problems may arise, as they have here, with transfers and other events that challenge both the litigants and the court in trying to maintain an appropriate schedule. Our decision in this case is based on the specific facts before us and does not imply that a district court is without broad discretion in managing its docket, including in deciding on how and when best to address a Rule 56(f) affidavit.