**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-6304**

─────────────

ROBERT LEE WALSH,

                   Petitioner – Appellant,

          v.

UNITED STATES OF AMERICA; DISTRICT COURT, Clerk of
Charleston Division; MILDRED L. RIVERA, Warden FCI Estill,

                   Respondents – Appellees.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Richard Mark Gergel, District
Judge.  (8:10-cv-00085-RMG)

─────────────

Submitted:  June 16, 2011            Decided:  June 21, 2011

─────────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

─────────────

Remanded by unpublished per curiam opinion.

─────────────

Robert Lee Walsh, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Walsh seeks to appeal the district court's order adopting the magistrate judge's recommendation to deny his 28 U.S.C. § 2241 (2006) petition. The district court entered its order denying Walsh's petition on October 28, 2010. However, Walsh did not file a notice of appeal until February 23, 2011,[*] in which he indicated that he did not receive notice of the order to be appealed until the day before. Where, as here, a pro se appellant files an untimely notice of appeal offering some excuse for its untimeliness, that notice is properly construed as a motion to reopen the time to note an appeal under Fed. R. App. P. 4(a)(6). See United States v. Feuver, 236 F.3d 725, 729 n.7 (D.C. Cir. 2001). Accordingly, we remand the case to the district court for the court to determine whether Walsh can satisfy the requirements of Rule 4(a)(6). See Ogden v. San Juan Cnty., 32 F.3d 452, 454 (10th Cir. 1994). The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).