**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-7674**

———————

ANTOINE J. CHINA,

        Plaintiff - Appellant,

    v.

LT. MARSKBERRY; MAJOR NETTLES; WARDEN FRED B. THOMPSON;
WILLIAM R. BYARS, JR., Director,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  J. Michelle Childs, District
Judge.  (5:13-cv-00091-JMC)

———————

Submitted:  February 12, 2015     Decided:  February 19, 2015

———————

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

Antoine J. China, Appellant Pro Se.  Hugh Willcox Buyck, Gordon
Wade Cooper, BUYCK, SANDERS & SIMMONS, Charleston, South
Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine J. China — a South Carolina prisoner — seeks to appeal the district court's order accepting the recommendation of the magistrate judge and granting summary judgment to Defendants in his 42 U.S.C. § 1983 (2012) civil rights action. Appellees move to dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. China has filed a response to the motion to dismiss. After review of the record and the parties' submissions, we remand to the district court.

The district court entered judgment on September 4, 2014, and the document the district court clerk docketed as a notice of appeal was received in the district court on November 10, 2014, after the expiration of the appeal period. In that document, China claims that, on September 10, 2014, he filed an affidavit in the district court requesting that he be granted an appeal. In his response to the motion to dismiss the appeal, China reiterates his contention that he filed the affidavit requesting an appeal on September 10, 2014 and proffers a document from the state department of corrections he claims supports his contention that he filed his notice of appeal in a timely manner. No such affidavit, however, appears on the district court's docket.

2

Accordingly, we defer action on the motion to dismiss and remand the case to the district court for the limited purposes of allowing that court to determine whether China timely noticed an appeal from the September 4 order by properly delivering a notice to prison officials for mailing to the court, see Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988), and, if not, whether China can satisfy the requirements of Fed. R. App. P. 4(a)(5) or (a)(6) for an extension or reopening of the appeal period. See United States v. Feuver, 236 F.3d 725, 729 n.7 (D.C. Cir. 2001); Ogden v. San Juan Cnty., 32 F.3d 452, 454 (10th Cir. 1994). The record, as supplemented, will then be returned to this court for further consideration.

REMANDED