**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7355**

MICHAEL ALLEN JOHNSON,

        Plaintiff - Appellant,

    v.

STACEY KINCAID, Sheriff; 2ND LT. WILSON, Deputy Sheriff; PFC. TARDER, Deputy Sheriff,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cv-00964-CMH-TCB)

Submitted:  December 19, 2019               Decided:  December 23, 2019

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

Remanded by unpublished per curiam opinion.

Michael Allen Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Allen Johnson seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2012) action for failure to notify the court of his change of address. The district court entered its dismissal order on April 2, 2019. Affording Johnson the benefit of Fed. R. App. P. 4(c) and *Houston v. Lack*, 487 U.S. 266 (1988), the earliest date his notice of appeal may be deemed filed is September 14, 2019, beyond both the 30-day appeal period under Fed. R. App. P. 4(a)(1)(A) and the 30-day excusable neglect period allowed under Fed. R. App. P. 4(a)(5). *See Shah v. Hutto*, 722 F.2d 1167, 1168 (4th Cir. 1983).

We construe Johnson's notice of appeal, which suggests that he did not timely receive notice of the dismissal of his § 1983 action, as a motion to reopen the appeal period under Fed. R. App. P. 4(a)(6). *United States v. Feuver*, 236 F.3d 725, 729 & n. 7 (D.C. Cir. 2001). Accordingly, we remand this case to the district court for the limited purpose of determining whether Johnson can satisfy the requirements for reopening set forth in Rule 4(a)(6).[*] The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[*] We express no opinion as to whether Johnson is entitled to a reopening of the appeal period and leave that determination to the district court in the first instance.